UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RICKY HOLMES JR.,

                                   Plaintiff,

              -against-

                                                         **COMPLAINT**
                                                           **Plaintiff Demands A**
                                                           **Trial by Jury**

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER JOHN DOE 1,
POLICE OFFICER JOHN DOE 2 and POLICE OFFICER
JOHN DOE 3,
                              **Defendants.**
-------------------------------------------------------------------X

        Plaintiff, by DEVON M. WILT, his attorney, respectfully alleges as follows:

## *JURISDICTION*

        1.      This action is brought under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and the Civil Rights Law of the United States, as codified in Title 28, U.S.C. Sections 1331 and 1343 and Title 42, U.S.C. Sections 1981, 1983 and 1985.

        2.      Plaintiff further invokes the pendent jurisdiction of this Court to consider claims arising under State Law; to wit false arrest; false imprisonment; intentional infliction of emotional distress; negligent hiring and retention; and negligent training and supervision.

## *VENUE*

        3.      The course of conduct and other acts complained of herein arose and occurred in whole or in part within the County of Bronx, City and State of New York, in the Southern District of New York.

## *PARTIES*

4. Plaintiff, **RICKY HOLMES JR. (HOLMES, JR.)**, is and was at all times herein mentioned, a citizen and a resident of the County of Bronx, City and State of New York.

5. At all times herein mentioned, the plaintiff **HOLMES, JR.** resided in apartment 6B located at 2774 Dewey Avenue, Bronx, New York 10465.

6. The defendant, **CITY OF NEW YORK (CITY)**, is a municipal corporation and political subdivision of the State of New York.

7. The defendant, **NEW YORK CITY POLICE DEPARTMENT (NYPD)**, is a municipal agency under the supervision and control of the defendant **CITY**.

8. That the defendant **POLICE OFFICER JOHN DOE 1, (P.O. JD1)**, is a police officer employed by the defendants, **CITY** and **NYPD**.

9. That the defendant **POLICE OFFICER JOHN DOE 2, (P.O. JD2)**, is a police officer employed by the defendants, **CITY** and **NYPD**.

10. That the defendant **POLICE OFFICER JOHN DOE 3, (P.O. JD3)**, is a police officer employed by the defendants, **CITY** and **NYPD**.

11. That all times herein mentioned, the defendants **P.O. JD1, P.O. JD2** and **P.O. JD3** were employed by the defendants, **CITY** and **NYPD**, in the capacity of police officers, and were acting in such capacity as the agents, officers, servants and employees of the defendants, **CITY** and **NYPD**. Each is sued individually and in their official capacity.

12. That all the times herein mentioned, defendants, **P.O. JD1, P.O. JD2** and **P.O. JD3**, were acting under color of state law and under their authority as police officers for the defendants, **CITY** and **NYPD**.

13. That all times herein mentioned, defendants **P.O. JD1, P.O. JD2** and **P.O. JD3**, were assigned to the Police Service Area 8 (PSA8) in the County of Bronx, City and State of New York.

## CONDITION PRECEDENT

14. Plaintiff has duly and timely served a statutory Notice of Claim upon the defendants **CITY** and **NYPD**.

15. The plaintiff has complied with all the conditions precedent to the institution of this action and have complied with all the provisions of the charter of the City of New York in relation thereto and in particular have duly presented his claim herein to the Comptroller and Corporation Counsel of the City of New York for adjustment, and that more than thirty (30) days have elapsed since the presentation of said notice of claim and that said claims remain unadjusted and the Comptroller of the City of New York has failed and refused to make any adjustment or payment of the same and the plaintiff, prior to the commencement of these actions and within ninety (90) days after the injuries hereinafter described were received, duly served their notice of intention to sue upon the claims hereinafter set forth, and that fifteen (15) months have not elapsed since the accrual of this cause of actions against the defendants.

## FACTS

16. On April 6, 2013, at or about 2:00 A.M., Plaintiff entered his building located at 2774 Dewey Avenue in the County of Bronx, City and State of New York.

17. Plaintiff entered an elevator inside his building lobby to go to the sixth (6th) floor where his apartment #6B was located.

18. Before the elevator reached the sixth (6th) floor, it suddenly stopped and returned to the first floor.

19. When the elevator came to rest on the first (1st) floor, the door opened and Defendants *P.O. JD1, P.O. JD2* and *P.O. JD3* approached plaintiff and asked for his identification.

20. Plaintiff did not have his identification on him.

21. Defendants, *P.O. JD1, P.O. JD2* and *P.O. JD3,* while acting in active concert, handcuffed and arrested plaintiff.

22. Defendants *P.O. JD1, P.O. JD2* and *P.O. JD3* did not have either probable cause or a warrant to arrest or stop plaintiff.

23. Defendants *P.O. JD1, P.O. JD2* and *P.O. JD3* did not inform plaintiff why he was being stopped and arrested.

24. Defendants *P.O. JD1, P.O. JD2* and *P.O. JD3,* while acting in active concert, entered and took the elevator with the plaintiff to his apartment, #6B.

25. Defendants *P.O. JD1, P.O. JD2* and *P.O. JD3,* searched plaintiff and did not find any contraband, and then took plaintiff's apartment keys and walked to the door of plaintiff's apartment #6B.

26. Defendants, *P.O. JD1, P.O. JD2* and *P.O. JD3,* without plaintiff's permission, unlocked, opened, did not enter and shut the door to plaintiff's apartment.

27. Defendants *P.O. JD1, P.O. JD2* and *P.O. JD3,* escorted the handcuffed plaintiff from his building and to a defendant *NYPD* van.

28. Defendants, *P.O. JD1, P.O. JD2* and *P.O. JD3,* transported the handcuffed plaintiff to the PSA8.

29. At PSA8, Plaintiff was photographed, fingerprinted and processed.

30. Defendants, **P.O. JD1, P.O. JD2** and **P.O. JD3**, knew that they did not have just or probable cause to stop and arrest the plaintiff and to charge him with a violation of law or a crime.

31. Defendants, **P.O. JD1, P.O. JD2** and **P.O. JD3**, intentionally arrested and detained the plaintiff without probable cause.

32. Plaintiff was placed in a holding cell at PSA8 without being advised as to why he was being detained.

33. Plaintiff was transported to the Criminal Courts Building located in the County of Bronx, City and State of New York for arraignment in Part AR-1.

34. Plaintiff has the same name as his biological father.

35. At or about 10:00 A.M., plaintiff was arraigned for a Bench Warrant that was in his father's name and not for any crime or violation associated with his unlawful stop and arrest at his home.

36. Plaintiff was informed that the Bench Warrant was for his father and not him.

37. The Criminal Court Judge and court-appointed attorney informed plaintiff that he should plead to a violation of Disorderly Conduct to avoid future problems for his father.

38. Plaintiff plead to the violation of Disorderly Conduct.

39. Defendants, **P.O. JD1, P.O. JD2** and **P.O. JD3**, jointly and severally, while acting in active concert, committed the following acts:

   a) Without a legal or just reason or probable cause arrested and imprisoned plaintiff.

   b) Covered-up their actions.

   c) Held plaintiff at PSA8 knowing that they did not have probable cause to arrest and detain plaintiff.

d) Failed and refused to timely advise plaintiff of the reasons for his arrest.

e) Falsely swore to a Criminal Court Complaint charging plaintiff with a bench warrant and when the defendants knew that plaintiff did not have a bench warrant.

## *FIRST CAUSE OF ACTION*

40. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "39" of the complaint, as if the same were set forth more fully and at length herein.

41. That as a direct and proximate result of the intentional and malicious acts of the defendants, **P.O. JD1, P.O. JD2** and **P.O. JD3**, jointly and severally, as described aforesaid, all committed under color of state law and under their authority as police officers employed by the defendants, **CITY** and **NYPD**, and while acting in the scope of their employment, and pursuant to authority vested in each of them by defendants, **CITY** and **NYPD**, the defendants, caused the plaintiff to be falsely arrested and detained.

42. That by engaging in the foregoing acts, practices and courses of conduct, defendants, **P.O. JD1, P.O. JD2** and **P.O. JD3**, used their positions as **NYPD** police officers for improper purposes, subjecting plaintiff to arrest, deprivation of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and in that plaintiff was denied his protected rights to be free from unlawful, false and illegal arrest, search and seizure of his person without probable cause, to be free from unnecessary searches, to be informed as to the reasons for his detainment and arrest, and to be secure in his right to liberty.

43. That none of the aforesaid acts which were perpetrated upon plaintiff were done as a consequence of any illegal, improper, criminal or suspicious conduct on the part of the plaintiff.

6

## **_SECOND CAUSE OF ACTION_**

44. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "39" herein, as if the same were set forth herein more fully and at length.

45. The defendants, **P.O. JD1, P.O. JD2** and **P.O. JD3,** jointly and severally, acting in concert and under color of state law, and each aiding and abetting one another with knowledge of the systematic violation of the plaintiff's Constitutional and Civil Rights as previously alleged, did actively conspire to prevent plaintiff from obtaining redress from such violations and did further agree to undertake any actions necessary to hide, cover up, and falsely justify their actions and in furtherance of, they did commit the following acts:

   a. Refused to safeguard plaintiff from an unlawful arrest, stop and search.

   b. Created and maintained a false premise for the arrest and detention of the plaintiff.

   c. Covered-up the actions of each other.

   d. Helped to detain plaintiff for an unreasonable period of time despite plaintiff's repeated requests for information regarding his detainment.

   e. Assisted each other in the stop, arrest and search of plaintiff for violations of the Penal Law of the State of New York, despite the fact that there was no just or probable cause for said arrest.

   f. Falsely arrested and imprisoned plaintiff at the PSA8 and the Bronx County Criminal Courts Building knowing that they did not have probable cause to do so.

    g.    Failed and refused to timely advise plaintiff of the reasons for his arrest.

    h.    Falsely swore to a Criminal Court Complaint charging plaintiff with a bench warrant when the defendants knew that plaintiff was not the person named in the Bench Warrant.

    i.    Without a legal or just reason or probable cause falsely arrested and imprisoned plaintiff.

46. That by engaging in the foregoing acts, the defendants, **P.O. JD1, P.O. JD2** and **P.O. JD3,** all committed under color of state law and under their authority as police officers of the defendants, **CITY** and **NYPD**, and while acting in the scope of their employment and pursuant to authority vested in them by the defendants, **CITY** and **NYPD**, the defendants, jointly and severally, entered into and carried out a plan and scheme designed and intended to deny and deprive plaintiff of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and in fact did so deny and deprive plaintiff of his rights, privileges and immunities.

**THIRD CAUSE OF ACTION**
**(NEGLIGENCE - FAILURE TO TRAIN AND SUPERVISE)**

47. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "39" herein, as if the same were set forth herein more fully and at length.

48. That defendants, **CITY** and **NYPD**, by their deliberate acts, gross negligence and reckless conduct in failing to adequately train, discipline and supervise defendants, **P.O. JD1, P.O. JD2** and **P.O. JD3,** and in their failure to promulgate and put into effect appropriate rules and regulations applicable to the duties, conduct, activities and behavior of their agents, servants and employees, directly caused the harm suffered by plaintiff.

49. That the acts of the defendants, **P.O. JD1, P.O. JD2** and **P.O. JD3,** committed under color of state law, deprived the plaintiff of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

*WHEREFORE,* the plaintiff demands judgment against each defendant, jointly and severally, together with the costs and disbursements of this action.

Dated: New York, New York
       March 18, 2016

Yours, etc.

DEVON M. WILT
Attorney for Plaintiff
**RICKY HOLMES, JR.**
7 Dey Street, Suite 1401
New York, New York 10007
(212) 406-9200

Index No.:        Year           RJI No.:                Hon:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICKY HOLMES, JR.

                          Plaintiff,

-against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER JOHN DOE 1,
POLICE OFFICER JOHN DOE 2 and POLICE OFFICER
JOHN DOE 3,
                          Defendants.

## COMPLAINT

**DEVON M. WILT**
Attorney for Plaintiff
Office & Post Office Address, Telephone
**7 DEY STREET
NEW YORK, N.Y. 10007
(212) 406-9200**

To:                                                           Signature (Rule 130-1.1-a)

_____
Print name beneath                                            Attorney(s) for

Service of a copy of the within                               is hereby admitted.
Dated,

_____
                                                              Attorney(s) for

Please take notice
↑ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within names court on
↑ NOTICE OF SETLEMENT
that an order of which the within is a true copy will be presented for settlement to the HON.
one of the judges of the within names court, at                                on

To:                                                           Yours, etc.
                                                              DEVON M. WILT
Attorney(s) for:                                              Attorney for Plaintiff
                                                              **7 DEY STREET, SUITE 1401
                                                              NEW YORK, NY 10007**